# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 6, 2021

Lyle W. Cayce
Clerk

No. 19-51138

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CARLOS SAUZO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CV-1021
USDC No. 5:14-CR-71-5

Before WILLETT, HO, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Carlos Sauzo, federal prisoner # 99523-038, moves for a certificate of appealability (COA) to appeal the district court's merits denial of his 28 U.S.C. § 2255 motion that challenged his guilty plea conviction and 120-month sentence for conspiracy to possess with intent to distribute heroin. He

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-51138

also seeks to appeal the disposition of his § 2255 motion without an evidentiary hearing.

Sauzo argues his trial counsel rendered ineffective assistance by advising him that he would be sentenced to 40 to 60 months in prison, with a credit for time served. To the extent that he argues his counsel was ineffective in failing to object to the district court's application of the supervisory role enhancement under U.S.S.G. § 3B1.1(b), we will not consider his argument because he first raised it in his COA motion in this court. *See Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003). Also, he has failed to brief, and thus abandoned, his claim that his counsel was ineffective in failing to challenge the sufficiency of the factual basis for his guilty plea. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

A COA may issue if the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where, as here, the district court denies relief on the merits, the movant must show that jurists of reason could debate the district court's resolution of his constitutional claims or that the issues were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Sauzo has not made the required showing. Accordingly, his motion for a COA is denied. His motion for leave to proceed in forma pauperis (IFP) is likewise denied.

As Sauzo fails to make the required showing for a COA on his constitutional claims, we do not reach whether the district court erred by denying an evidentiary hearing. *See United States v. Davis*, 971 F.3d 524, 534-35 (5th Cir. 2020), *petition for cert. filed* (U.S. Mar. 18, 2021) (No. 20-7553).

COA DENIED; IFP DENIED.